IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JIMMY CHANDLER,

                                                                        OPINION AND ORDER

                    Plaintiff,

                                                                          19-cv-138-bbc

     v.

SALAM SYED and BETH EDGE,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Jimmy Chandler is proceeding on claims that defendants Dr. Salam Syed and Nurse Beth Edge violated his rights under the Eighth Amendment and state negligence law by giving him amoxicillin despite his documented penicillin allergy. Now before the court are the parties' cross motions for partial summary judgment. Dkt. ##36, 47. For the reasons below, I am granting defendants' motion and denying plaintiff's motion.

      Also before the court are plaintiff's motion to supplement his proposed findings of fact, dkt. #60, and motion for leave to file a sur-reply brief, dkt. #65. I will grant those motions and will consider plaintiff's supplemental facts and arguments.

      Finally, plaintiff has filed a motion for assistance in recruiting counsel. Dkt. #54. I will deny that motion because I am not persuaded that the factual or legal complexity of this case exceeded plaintiff's ability to litigate it. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). Plaintiff's submissions are clear, well-organized and contain relevant facts and legal arguments. Plaintiff says that he needs counsel to help find an expert witness, but plaintiff's

1

claims do not fail because he does not have an expert. Rather, plaintiff's claims fail because the evidence shows that although defendant Edge likely made a mistake, neither Edge nor Syed acted with deliberate indifference to a substantial risk of serious harm to plaintiff's health or safety.

From the parties' proposed findings of fact and the record, I find the following facts to be material and undisputed unless otherwise noted.

## UNDISPUTED FACTS

At times relevant to this case, plaintiff Jimmy Chandler was incarcerated at Wisconsin Secure Program Facility, where defendant Beth Edge worked as a nurse. Defendant Salam Syed was a doctor working at Columbia Correctional Institution, and he assisted with providing care at other prisons when needed.

A few days before April 1, 2018, plaintiff had dental work done. Shortly thereafter, his mouth began to hurt. Plaintiff complained to prison staff that he was in severe pain. On April 1, plaintiff saw defendant Nurse Edge. Edge examined plaintiff and determined that he had an abscessed tooth. There was no doctor at the prison at that time, so Edge contacted defendant Dr. Syed. Edge told Syed about plaintiff's tooth, but neither Syed nor Edge recall exactly what Edge said. Syed prescribed Tylenol 3 for plaintiff's pain and amoxicillin for plaintiff's infection. Amoxicillin is a semisynthetic version of the antibiotic penicillin, and is usually the first choice to treat an abscessed tooth. Syed also instructed Edge to tell plaintiff to use salt water and ice as needed.

Plaintiff is allergic to penicillin. Edge does not recall discussing plaintiff's penicillin allergy with plaintiff, but she noted in plaintiff's medical records that she asked plaintiff about his penicillin allergy when she examined his tooth, and that plaintiff stated that he had no problem or reaction to amoxicillin. Plaintiff did not know that amoxicillin was penicillin. According to Syed, he would not have ordered amoxicillin if he had known that plaintiff was allergic to penicillin.

After consulting with Syed, Edge told plaintiff that the doctor had prescribed amoxicillin and Tylenol 3. Edge gave plaintiff a dose of Tylenol 3 and an amoxicillin pill card. She told plaintiff to take the amoxicillin with food at mealtime.

Plaintiff took the amoxicillin with his dinner meal. Later that night, plaintiff's throat swelled up, he had difficulty breathing and he had stomach pain and bloating. The next morning, April 2, Edge saw plaintiff during the morning medication pass. Plaintiff was in tears and told Edge that he was in pain and could not breathe. Edge gave plaintiff Benadryl, which helped his breathing. Edge then spoke with a nurse practitioner, who told Edge that plaintiff should be seen by a local dentist for immediate attention because of his increase in swelling, pain and inflammation.

Plaintiff was transported to a dentist, who extracted plaintiff's tooth. The dentist told plaintiff that he would need to be placed on an antibiotic, and he asked plaintiff whether he was allergic to any medications. Plaintiff told the dentist that he was taking amoxicillin already, and that he was allergic to penicillin. The dentist told plaintiff that he should not take amoxicillin because it is a form of penicillin.

OPINION

Plaintiff contends that defendants Edge and Syed violated his rights under the Eighth Amendment and state negligence law when they gave him amoxicillin despite knowing that he had a penicillin allergy.

A. Eighth Amendment

The Eighth Amendment's prohibition on cruel and unusual punishment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). A prison official violates the Eighth Amendment if the official acts with "deliberate indifference" to a "substantial risk of serious harm" to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 828, 832 (1994).

There is no dispute in this case that plaintiff's penicillin allergy presented a substantial risk of serious harm to him. However, there is a dispute about the second element of plaintiff's claim, "deliberate indifference," which is a subjective standard. Arnett, 658 F.3d at 751. "Deliberate indifference" means that the officials were aware that the prisoner faced a substantial risk of serious harm but disregarded the risk by consciously failing to take reasonable measures to address it. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). Deliberate indifference requires intentional or reckless disregard for a known danger. Arnett, 658 F.3d at 751.

Plaintiff contends that defendant Nurse Edge acted with deliberate indifference to his

penicillin allergy by giving him amoxicillin despite knowing that he had a penicillin allergy, thereby causing him to suffer a severe and painful allergic reaction.

Plaintiff is understandably upset that he was given amoxicillin despite having a penicillin allergy. The undisputed evidence shows that plaintiff discussed his allergy with Nurse Edge, but that she dispensed amoxicillin to him anyway. Edge states that, according to her notes in plaintiff's medical files, she talked with plaintiff about his penicillin allergy and understood from the conversation that plaintiff did not have a problem with amoxicillin. However, it is not clear why Edge thought that plaintiff would be able to take amoxicillin without a problem despite having a penicillin allergy. For example, she does not say that some people with penicillin allergies are able to handle amoxicillin, or that plaintiff told her specifically that he had taken amoxicillin in the past without an adverse reaction.

That being said, plaintiff has not submitted evidence that would support a constitutional claim against Edge. It may be that Edge should have done more to confirm with plaintiff or Dr. Syed that plaintiff could take amoxicillin safely. However, plaintiff has not shown that Edge's failure to do so was anything more than a one-time mistake. Mistakes, inadvertent errors, negligence, gross negligence or even malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. <u>Vance v. Peters</u>, 97 F.3d 987, 992 (7th Cir. 1996). There is no evidence in the record to support a conclusion that Edge knew that plaintiff would have a severe allergic reaction to the amoxicillin, but gave him the medicine anyway. Instead, the evidence shows that Edge was attempting to provide plaintiff the care he needed.

When plaintiff first saw Edge about his tooth pain, Edge determined that plaintiff had an abscessed tooth and she contacted a doctor immediately. When Edge saw that plaintiff was having a bad reaction to his medication, Edge gave plaintiff Benadryl, contacted an advanced care provider and arranged for plaintiff to see an outside dentist. Plaintiff stated at his deposition that Edge was "one of the only nurses [in the prison] that knew what they were doing," that he and Edge had no issues and that he had no reason to believe that Edge would have given him amoxicillin intentionally to harm him. Dkt. #53 at 47-48. Thus, although Edge may have made a mistake in failing to consider that plaintiff could have an allergic reaction to amoxicillin, plaintiff has failed to show that she acted with deliberate indifference to his health or safety.

Plaintiff also has not shown that defendant Dr. Syed acted with deliberate indifference to plaintiff's penicillin allergy. Plaintiff's claim against Syed fails for the simple reason that there is no evidence that Syed was aware of plaintiff's allergy. Syed had only the information that Edge provided to him, and neither Edge nor Syed can remember discussing plaintiff's penicillin allergy. Although plaintiff speculates that Syed knew or should have known about his penicillin allergy, speculation is not enough to defeat summary judgment. Lavite v. Dunstan, 932 F.3d 1020, 1029 (7th Cir. 2019) (inferences supported only by "speculation or conjecture" are not sufficient to defeat summary judgment). Therefore, defendants are entitled to summary judgment on plaintiff's Eighth Amendment claim.

B. State Law Negligence

Plaintiff is proceeding on state law negligence claims against defendants as well. The general rule is that federal courts should relinquish jurisdiction over state law claims if all federal claims are resolved before trial. 28 U.S.C. § 1367(c)(3); Burritt v. Ditlefsen, 807 F.3d 239, 252 (7th Cir. 2015). In this instance, I will decline to exercise supplemental jurisdiction over plaintiff's state law claims because I am granting summary judgment to defendants on all of the federal claims. Plaintiff may refile these claims in state court, subject to the applicable Wisconsin statute of limitations.

ORDER

IT IS ORDERED that

1. Plaintiff Jimmy Chandler's motion to supplement his proposed findings of fact, dkt. #60, and motion for leave to file a sur-reply brief, dkt. #65, are GRANTED.

2. Plaintiff's motion to for partial summary judgment, dkt. #36, and motion for assistance in recruiting counsel, dkt. #54, are DENIED.

3. The motion for partial summary judgment filed by defendants Salam Syed and Beth Edge, dkt. #47, is GRANTED with respect to plaintiff's Eighth Amendment claims. The court declines to exercise supplemental jurisdiction over plaintiff's state law claims.

4. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 23rd day of April, 2020.

         BY THE COURT:

         /s/
         _____
         BARBARA B. CRABB
         District Judge