IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JIMMY CHANDLER

                                                        ORDER

                    Plaintiff,

                                                    19-cv-138-bbc

    v.

SALAM SYED and BETH EDGE,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In a previous order, I granted the motion for summary judgment filed by defendants Dr. Salam Syed and Nurse Beth Edge on plaintiff Jimmy Chandler's claims that defendants violated his rights under the Eighth Amendment by giving him amoxicillin despite his documented penicillin allergy. Dkt. #67. I declined to exercise supplemental jurisdiction over plaintiff's state law negligence claims. Id. at 7. Now before the court is plaintiff's motion under Rule 59 of the Federal Rules of Civil Procedure to alter or amend that decision with respect to his claim against Nurse Edge. Dkt. #69. Plaintiff contends that a reasonable jury could infer that Edge acted with deliberate indifference because she knew that he was allergic to penicillin but dispensed amoxicillin to him anyway.

      "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." Cincinnati Life Insurance Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013). Plaintiff's argument does not fit into either category. Instead, he raises the same argument that I considered and rejected in granting defendants' motion

1

for summary judgment. As I explained previously, the undisputed evidence did not support a conclusion that defendant Edge acted with deliberate indifference to plaintiff's serious medical needs. Rather, the evidence showed that Edge responded promptly to plaintiff's complaints of tooth pain and his allergic reaction. Her apparent failure to confirm with a doctor whether it was safe for plaintiff to take amoxicillin was a one-time mistake that was not sufficient to sustain a constitutional claim. Because plaintiff has identified no errors of law or fact and no newly discovered evidence, I will deny his motion.

ORDER

IT IS ORDERED that plaintiff Jimmy Chandler's motion for reconsideration, dkt. #69, is DENIED.

Entered this 28th day of May, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge